**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| INTERNATIONAL LICENSE EXCHANGE OF AMERICA, LLC | |
| Plaintiff, | Civil Action No. _____ |
| v. | **JURY TRIAL DEMANDED** |
| ALTICE N.V., NEPTUNE HOLDING US CORP., CSC HOLDINGS, LLC, CABLEVISION SYSTEMS CORP. and CABLEVISION LIGHTPATH, INC., | |
| Defendants. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff International License Exchange of America, LLC ("ILEA" or "Plaintiff"), for its Complaint against Defendants Altice N.V., Neptune Holding US Corp. ("Altice USA"), CSC Holdings, LLC ("CSC Holdings"), Cablevision Systems Corp. ("Cablevision") and Cablevision Lightpath, Inc. ("Lightpath"), (individually each a "Defendant" and collectively "Defendants"), alleges the following:

### NATURE OF THE ACTION

1.  This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

### THE PARTIES

2.  Plaintiff is a corporation organized under the laws of the State of Delaware with a place of business at 10 Balligomingo Rd., West Conshohocken, PA 19428.

3.  Upon information and belief, Altice N.V. is a corporation organized and existing under the laws of the Netherlands with a place of business at Prins Bernhardplein 200, 1097 JB

Amsterdam, Netherlands.  Upon information and belief, Altice N.V. offers to sell products and services throughout the United States, including in this judicial district, and introduces products and services into that stream of commerce and that incorporate infringing technology knowing that they would be sold in this judicial district and elsewhere in the United States.

4.   Upon information and belief, Altice USA is a corporation organized and existing under the laws of Delaware, with a place of business at 1111 Stewart Ave., Bethpage, NY 11714, and can be served through its registered agent at Corporation Service Company, 2711 Centerville Rd., Suite 400, Wilmington, DE 19808.  Upon information and belief, Altice USA sells and offers to sell products and services throughout the United States, including in this judicial district, and introduces products and services into that stream of commerce and that incorporate infringing technology knowing that they would be sold in this judicial district and elsewhere in the United States.

5.   Upon information and belief, CSC Holdings is a corporation organized and existing under the laws of Delaware, with a place of business at 1111 Stewart Avenue, Bethpage, NY 11714, and can be served through its registered agent at Corporation Service Company, 2711 Centerville Rd., Suite 400, Wilmington, DE 19808.  Upon information and belief, CSC Holdings sells and offers to sell products and services throughout the United States, including in this judicial district, and introduces products and services into that stream of commerce and that incorporate infringing technology knowing that they would be sold in this judicial district and elsewhere in the United States.

6.   Upon information and belief, Cablevision is a corporation organized and existing under the laws of Delaware, with a place of business at 1111 Stewart Avenue, Bethpage, NY 11714, and can be served through its registered agent at Corporation Service Company, 2711

Centerville Rd., Suite 400, Wilmington, DE 19808.  Upon information and belief, Cablevision sells and offers to sell products and services throughout the United States, including in this judicial district, and introduces products and services into the stream of commerce and that incorporate infringing technology knowing that they would be sold in this judicial district and elsewhere in the United States.

7.   Upon information and belief, Lightpath is a corporation organized and existing under the laws of Delaware, with a place of business at 200 Jericho Quadrangle, Jericho, NY 11753, and can be served through its registered agent at The Prentice-Hall Corporation System, Inc. at 2711 Centerville Road Ste. 400, Wilmington, DE 19808.  Upon information and belief, Lightpath sells and offers to sell products and services throughout the United States, including in this judicial district, and introduces products and services into the stream of commerce and that incorporate infringing technology knowing that they would be sold in this judicial district and elsewhere in the United States.

## JURISDICTION AND VENUE

8.     This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

9.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). Further, the patent asserted has already been the subject of a case transferred to this Court, under Case No.: 1:15−cv−00869−SLR.

10.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c), (d) and/or 1400(b).  On information and belief, each Defendant conducts business in this District, the claims alleged in this Complaint arise in this District, and the acts of infringement have taken place and are continuing to take place in this District.

11.     On information and belief, each Defendant is subject to this Court's general and specific personal jurisdiction because each Defendant has sufficient minimum contacts within the State of Delaware and this District, pursuant to due process and/or the Delaware Long Arm Statute because each Defendant purposefully availed itself of the privileges of conducting business in the State of Delaware and in this District, because each Defendant regularly conducts and solicits business within the State of Delaware and within this District, and because Plaintiff's causes of action arise directly from each of Defendant's business contacts and other activities in the State of Delaware and this District.  Further, this Court has personal jurisdiction over the Defendants because they are incorporated in Delaware and have purposely availed themselves of the privileges and benefits of the laws of the State of Delaware.

### COUNT I – INFRINGEMENT OF U.S. PATENT NO. RE40,999

12.     The allegations set forth in the foregoing paragraphs 1 through 11 are incorporated into this First Claim for Relief.

13.     On November 24, 2009, U.S. Patent No. RE40,999 ("the '999 patent"), entitled "VLAN Frame Format," was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '999 patent is attached as Exhibit 1.

14.     The inventive embodiments of the '999 patent resolve technical problems related to virtual local area network ("VLAN") and methods to format a data frame in VLAN network devices.

15.     The claims of the '999 patent do not merely recite the performance of some business practice known from the pre-Internet world along with a requirement to perform it on the Internet.  Instead, the claims of the '999 patent recite one or more inventive concepts that are rooted in computerized electronic data communications networks, and an improved method

operate such networks and to maintain the interoperability of different physical configurations of such networks.

16.     The claims of the '999 patent recite an invention that is not merely the routine or conventional use of electronic devices for communications.  Instead, among other things, the invention adds new features to integrate Ethernet and other protocols together on a shared network.  The '999 patent claims thus include improvements for, for example, formatting data frames to yield a desired result.

17.     The technology claimed in the '999 patent does not preempt all ways of using computerized devices or transmitting information over networks, nor preempt any other well-known or prior art technology.

18.     Accordingly, each claim of the '999 patent recites a combination of elements sufficient to ensure that the claim in practice amounts to significantly more than a patent on an ineligible concept.

19.     Plaintiff is the assignee and owner of the right, title and interest in and to the '999 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

20.     Upon information and belief, each Defendant has and continues to directly infringe at least claims 1, 7, 11, and 12 of the '999 patent by making, using, selling, importing and/or providing and causing to be used without authority within the United States, a method to format  a data frame in VLAN network devices; for example, depending on the physical configuration of a VLAN, the embodiments include a method to adjust the format of a data frame to reflect the characteristics of the particular physical configuration of the VLAN (the "Accused Instrumentalities").  The Accused Instrumentalities include at least the Cablevision's

Ethernet services and networks such as Lightpath Metro Ethernet Services, Lightpath E-line

Service, Lightpath V-line Service, Lightpath E-LAN Service, and Lightpath Video Transport

Service; and Cablevision's Optimum Online (Business) service and products for broadband

Internet access that support IEEE 802.1Q.

    21.    In particular, claim 1 of the '999 patent generally recites a method of identifying a

virtual network associated with a data frame when transmitting the data frame between a

communications medium and a shared communications medium; where the method comprises:

a) receiving the data frame from the communications medium, where the data frame includes a

first type field and a data field; b) inserting a second type field at a location within the data frame

preceding the first type field, a value of the second type field indicating the data frame include a

virtual network identifier field, c) inserting the virtual network identifier field at a location

between the second type field and the first type field; d) assigning a first value to the virtual

network identifier field, the first value corresponding to the virtual network; and e) transmitting

the data frame over the shared communications medium.

    22.    On information and belief, the Accused Instrumentalities infringe at least claim 1

of the '999 patent.  (*See*, *e.g*.,

http://preview.optimum.net/downloads/csupport/sip_trunk_setup.pdf and

https://www.optimum.net/pages/Terms/Internet/Open-Internet-Disclosure.html (accessed August

11, 2016); https://golightpath.com/metro-ethernet (accessed March 29, 2016); and

https://optimumlightpath.com/metro-ethernet and

https://golightpath.com/documents/10157/12532/e-line-metro-ethernet.pdf and

https://golightpath.com/documents/10157/12532/E-

Lan+Allows+Your+Business+To+Connect+All+Of+Your+Locations+-+Lighpath and

https://golightpath.com/documents/10157/12532/video-transport-service-picture-perfect-video-

solution.pdf (all accessed January 2014).  *Also see* the IEEE Standard for Local and metropolitan

area networks: Media Access Control (MAC) Bridges and Virtual Bridge Local Area Networks,

IEEE Std 802.1QTM-2011 (Revision of IEEE Std 802.1Q-2005), 31 August 2011 (*e.g.* p. 1, 23,

98, 103-105, 149-150, 1269); IEEE Std 802.1QTM-2014; IEEE Std 802.3TM-2012 (*e.g.* p. 53);

IEEE 802.1Q VLAN Tutorial (Graham Shaw, *available at*

http://www.microhowto.info/tutorials/802.1q.html (accessed April 4, 2016)).)

23.    Claim 7 of the '999 patent generally recites the method of identifying a virtual

network associated with a data frame when transmitting the data frame between a

communications medium and a shared communications medium, where the method comprises:

a) receiving the data frame from the communications medium, the data frame including a length

field and a data field; b) inserting a type field at a location within the data frame preceding the

length field, a value of the type field indicating the data frame includes a virtual network

identifier field; c) inserting the virtual network identifier field at a location between the type field

and the length field, d) assigning a first value to the virtual network identifier field, the first value

corresponding to the virtual network; and e) transmitting the data frame over the shared

communications medium.

24.    On information and belief, the Accused Instrumentalities infringe at least claim 7

of the '999 patent.  (*See*, *e.g*.,

http://preview.optimum.net/downloads/csupport/sip_trunk_setup.pdf and

https://www.optimum.net/pages/Terms/Internet/Open-Internet-Disclosure.html (accessed August

11, 2016); https://golightpath.com/metro-ethernet (accessed March 29, 2016); and

https://optimumlightpath.com/metro-ethernet and

https://golightpath.com/documents/10157/12532/e-line-metro-ethernet.pdf and

https://golightpath.com/documents/10157/12532/E-

Lan+Allows+Your+Business+To+Connect+All+Of+Your+Locations+-+Lighpath and

https://golightpath.com/documents/10157/12532/video-transport-service-picture-perfect-video-

solution.pdf (all accessed January 2014).  *Also see* the IEEE Standard for Local and metropolitan

area networks: Media Access Control (MAC) Bridges and Virtual Bridge Local Area Networks,

IEEE Std 802.1QTM-2011 (Revision of IEEE Std 802.1Q-2005), 31 August 2011 (*e.g.* p. 1, 23,

98, 103-105, 149-150, 1269); IEEE Std 802.1QTM-2014; IEEE Std 802.3TM-2012 (*e.g.* p. 53);

IEEE 802.1Q VLAN Tutorial (Graham Shaw, *available at*

http://www.microhowto.info/tutorials/802.1q.html, accessed April 4, 2016).)

25.     Claim 11 of the '999 patent generally recites, in a network device, a method of

transmitting a virtual network identifier in a data frame transmitted on a shared communications

medium coupled to the network device, comprising: a) transmitting a preamble field, b)

transmitting a destination and source media access control address field; c) transmitting a first

type field whose contents indicate the virtual network identifier is present in the data frame; d)

transmitting a virtual network identifier field containing the virtual network identifier; e)

transmitting a second type field whose contents indicate a protocol type associated with the data

frame; and, f) transmitting a data field.

26.     On information and belief, the Accused Instrumentalities infringe at least claim 11

of the '999 patent.  (*See*, *e.g.*,

http://preview.optimum.net/downloads/csupport/sip_trunk_setup.pdf and

https://www.optimum.net/pages/Terms/Internet/Open-Internet-Disclosure.html (accessed August

11, 2016); https://golightpath.com/metro-ethernet (accessed March 29, 2016); and

https://optimumlightpath.com/metro-ethernet and

https://golightpath.com/documents/10157/12532/e-line-metro-ethernet.pdf and

https://golightpath.com/documents/10157/12532/E-

Lan+Allows+Your+Business+To+Connect+All+Of+Your+Locations+-+Lighpath and

https://golightpath.com/documents/10157/12532/video-transport-service-picture-perfect-video-

solution.pdf (all accessed January 2014).   *Also see* the IEEE Standard for Local and

metropolitan area networks: Media Access Control (MAC) Bridges and Virtual Bridge Local

Area Networks, IEEE Std 802.1QTM-2011 (Revision of IEEE Std 802.1Q-2005), 31 August

2011 (*e.g.* p. 1, 23, 98, 103-105, 149-150, 1269); IEEE Std 802.1QTM-2014; IEEE Std

802.3TM-2012 (*e.g.* p. 53); IEEE 802.1Q VLAN Tutorial (Graham Shaw, *available at*

http://www.microhowto.info/tutorials/802.1q.html, accessed April 4, 2016).)

27.     Claim 12 of the '999 patent recites the method of claim 11, wherein the virtual

network identifier field is 4 bytes.

28.     On information and belief, the Accused Instrumentalities infringe at least claim 12

of the '999 patent.   (*See*, *e.g*., the IEEE Standard for Local and metropolitan area networks:

Media Access Control (MAC) Bridges and Virtual Bridge Local Area Networks, IEEE Std

802.1QTM-2011 (Revision of IEEE Std 802.1Q-2005), 31 August 2011 (*e.g.* p. 1, 23, 98, 103-

105, 149-150, 1269); IEEE Std 802.1QTM-2014; IEEE Std 802.3TM-2012 (*e.g.* p. 53); IEEE

802.1Q VLAN Tutorial (Graham Shaw, *available at*

http://www.microhowto.info/tutorials/802.1q.html, accessed April 4, 2016).)

29.     On information and belief, these Accused Instrumentalities are used marketed,

provided to, and/or used by or for each of Defendant's partners, clients, customers and end users

across the country and in this District.

30.     On information and belief, each of Defendants has been aware of the subject matter and claims of the '999 patent at least as early as the issue date of U.S. Pat. No. 6,111,876 (the "'876 patent").  The '999 patent is a reissue of the '876 patent, and the subject matter of the specification and asserted claims 1, 7, 11 and 12 are each either identical or substantially identical to some of the claims of the parent patent, U.S. Pat. No. 5,959,990 ("'990")

31.     On information and belief, Cablevision and its subsidiary Lightpath teamed with Bay Networks, Inc. ("Bay Networks") to continuously deploy Bay Networks' cable and LAN equipment to offer Cablevision and Lightpath's Optimum Online service, which was available for many years.  (*See*, *e.g.*,

http://www.thefreelibrary.com/Cablevision+Systems+Teams+With+Bay+Networks+to+Deliver+HighSpeed...a018953000 (accessed April 6, 2016) and

http://www.fiercecable.com/story/cablevision-drops-optimum-brand-lightpath-service/2012-12-05 (accessed April 6, 2016).)

32.     On March 12, 1996, Bay Networks had filed the patent application for the '990 patent, which is the parent of the '876 patent.  On information and belief, it is customary, when companies form an alliance over a particular technology as Bay Networks and Cablevision did, that each company divulges existing or new patents and applications and keeps each other informed of issued patents.  One reason is to clearly establish ownership and be able to license the intellectual property of each company as part of the supply and revenue agreements of such an alliance.

33.     Upon information and belief, since at least the time of re-issuance of the '999 patent from the '876 patent, and during the time each Defendant has made, sold, offered for sale, used and/or imported the Infringing Instrumentalities or material portions thereof, each

Defendant has induced and continues to induce others to infringe at least one claim of the '999 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to each of Defendant's partners, clients, customers, and end users, whose use of the Accused Instrumentalities constitutes direct infringement of at least one claim of the '999 patent.

34.     In particular, each Defendant's actions that aid and abet others such as its partners, customers, clients, and end users to infringe include advertising and distributing the Accused Instrumentalities and providing instruction materials, training, and services regarding the Accused Instrumentalities.  On information and belief, each Defendant has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because each Defendant has had actual knowledge of the '999 patent and knowledge that its acts were inducing infringement of the '999 patent since at least the date of re-issuance of the '999 patent from the '876 patent, and during the time each Defendant has made, sold, offered for sale, used and/or imported the Infringing Instrumentalities or material portions thereof.

35.     Upon information and belief, during that same time period, each Defendant is liable as a contributory infringer of the '999 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States computerized trading platforms to be especially made or adapted for use in an infringement of the '999 patent.  The Accused Instrumentalities are a material component for use in practicing the '999 patent and are specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

36.     On information and belief, each of Defendants' infringement has been and continues to be willful.

37.     Plaintiff has been harmed by Defendants' infringing activities.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment for itself and against Defendants as follows:

A.     An adjudication that each Defendant has infringed the '999 patent;

B.     An award of damages to be paid by Defendants adequate to compensate Plaintiff for  Defendants' past infringement of the '999 patent, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C.     A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees; and

D.     An award to Plaintiff of such further relief at law or in equity as the Court deems just and proper.


Dated: August 12, 2016                    DEVLIN LAW FIRM LLC


                                          */s/ Timothy Devlin*
                                          Timothy Devlin (#4241)
                                          tdevlin@devlinlawfirm.com
                                          1306 N. Broom St., 1st Floor
                                          Wilmington, Delaware 19806

                                          Telephone: (302) 449-9010
                                          Facsimile: (302) 353-4251

                                          *Attorneys for Plaintiff*
                                          *International License Exchange of America, LLC*